IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES EARVIN SANDERS, #1579328 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:19cv236 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

**ORDER OF DISMISSAL**

Petitioner James Earvin Sanders, an inmate confined in the Texas prison system, proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The cause of action was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation (Dkt. #8) concluding that the petition should be dismissed as time-barred. Sanders has filed objections (Dkt. #10).

Sanders is challenging his Denton County conviction for two counts of aggravated robbery. On February 1, 2008, after a jury trial, he was sentenced to life imprisonment with the sentence to run consecutively to a federal sentence. On appeal, the Second Court of Appeals modified the cumulation order and otherwise affirmed the conviction. *Sanders v. State*, No. 02-08-058-CR, 2008 WL 4445644 (Tex. App. - Fort Worth Oct. 2, 2008, no pet.). The conviction became final thirty days later on November 1, 2008. The present petition was due one year later on November 1, 2009, in the absence of tolling provisions. It was not filed until more than nine (9) years later on February 14, 2019. Sanders did not file an application for a writ of habeas corpus in state court until March 22, 2017. By then, the present petition was already time-barred by over seven years; thus, the pendency of the state application did not effectively toll the deadline of November 1, 2009. The Magistrate Judge accordingly concluded that the present petition is time-barred.

1

In his objections, Sanders argues that the applicable limitations provision should be 28 U.S.C. § 2244(d)(1)(D), which states that the limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." He asserts that he did not receive the documents necessary to pursue a challenge to his conviction until after September 15, 2011. Assuming *arguendo* that date should be used, the present petition was still due on September 15, 2012. The petition was not filed until February 14, 2019. The petition is time-barred.

Sanders goes on to claim that the State forced him to give up the documents within one year of receiving them. He thus argues that the State created an impediment to filing thereby triggering § 2244(d)(1)(B), which states that the limitations period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." He explains that he had to give up his documents when he was transferred from federal to state custody. The Court finds that property problems associated with him being transferred is not an impediment created by State action in violation of the Constitution or laws of the United States. Moreover, Sanders could still have filed an application without attaching the documentation. He has not shown that § 2244(d)(1)(B) is applicable.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Sanders to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Sander's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate

Judge as the findings and conclusions of the Court. The Court is of the opinion, and so finds, that the present petition is time-barred.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice as time-barred. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

**SIGNED this 1st day of July, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE